**E-FILED**

Tuesday, 07 February, 2006  09:46:24 AM

Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | | |
|---|---|---|
| Robert O. Idahosa, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-1160 |
| | ) | |
| Governor Blagojevich, | ) | |
| Illinois Air National Guard | ) | |
| State of Illinois | ) | |
| 182nd Air Lift Wing, | ) | |
| United States Air Force | ) | |
| Sherri Haley, | ) | |
| Secretary of Defense Rumsfeld, | ) | |
| Sandy Cain, and | ) | |
| James Shuda, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff alleges race and gender discrimination while employed in the

Illinois Air National Guard.  The case is before the Court for a Report and

Recommendation on the following motions:   Defendants' motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)(d/e 19);[1] Defendants'

---

[1]For purposes of this order, "Defendants" refers to Governor Blagojevich, Illinois
Air National Guard, State of Illinois, 182nd Air Lift Wing, Sherri Haley, Sandy Cain, and
James Shuda.  The other defendants have contested service.

motion to strike (d/e 30); and Plaintiff's motion for default judgment (d/e 33).  For the reasons below, the Court recommends the motion to dismiss be granted because Plaintiff's claims are nonjusticiable.  The Court further recommends denial of both the motion to strike and the motion for default judgment.

## STANDARD

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or facial challenges to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  Exhibits attached to the pleadings are considered part of the pleadings.  Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

"'A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents.  Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent

with the allegations...'"  McDonald v. Household Int'l, Inc., 425 F.3d 424,

428 (7ᵗʰ Cir. 2005).  However, the plaintiff can "plead himself out of court" if

the facts he alleges show beyond doubt that no relief is available in federal

court.  See Lekas v. Briley, 405 F.3d 602, 613-614 (7ᵗʰ Cir. 2005).

In a factual challenge to subject matter jurisdiction, extraneous

evidence may be considered to determine whether subject matter

jurisdiction exists.  Fed. R. Civ. P. 12(b)(1); United Phosporus Ltd. v. Angus

Chemical Co., 322 F.3d 942, 946 (7ᵗʰ Cir. 2003).  The plaintiff bears the

burden of showing that subject matter jurisdiction exists.  Id.

## ALLEGATIONS

The allegations are set forth as true and are taken from the

Complaint (including its exhibits) (d/e 3), and from Plaintiff's Response to

Defendants' Motion to Dismiss (including its exhibits)(d/e's 27 and 28).[2]

Plaintiff is an African American male.  Nigeria is his country of

national origin.  From April 1995 until January 2001, Plaintiff was a member

of the Alaska Air National Guard Civil Engineer and Squadron.  He

obtained the rank of Senior Airman and earned several awards.  Around

---

[2]Defendants move to strike these exhibits, but they are properly considered to the extent they are consistent with Plaintiff's allegations and help to Court determine whether subject matter jurisdiction exists.  See Gutierrez v. Peters, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997)(Allegations in other filings may be considered if consistent with the complaint).

October 2000 he applied for a transfer to the Illinois Air National Guard because of his spouse's job relocation.  Around January 2001, he was accepted into the Illinois Air National Guard, 182nd Air Lift Wing, in Peoria Illinois, rank SRA, "Traditional M-Day Guardsman," where he worked part-time in the traffic management office as a traffic management specialist. (d/e 27, p.2; d/e 28, p. 41; d/e 20, ex. A).

Plaintiff was treated less favorably on many scores than the female Caucasians working in the traffic management office.  He was denied promotions, education, training, the chance to take advancement tests, favorable job assignments, and transfers.  He was assigned menial tasks like cleaning bird droppings off benches, sweeping outside in hot weather, and washing trucks, while the female Caucasians received indoor office assignments.  His requests for days off and permission to come late were usually denied, while similar requests from the Caucasian women were typically approved.  Plaintiff applied for several other positions within the Guard, but was unsuccessful because his supervisor Sherri Haley (a female Caucasian and a defendant herein) had given him an unfavorable reference.  He endured constant humiliation and abuse, including being

ridiculed for his accent and being called "dog" before others in the dining hall.  (d/e 27, p. 4).

Plaintiff filed an informal military discrimination complaint in May 2003 (d/e 28, p. 7).  In August, 2003, in retaliation for this informal complaint, Plaintiff was recommended for involuntary discharge based on false charges of fraudulent enlistment.  The plaintiff answered with a formal military discrimination complaint (NGB Form 333, governed by NGR AR 600-22).  (d/e 1, p.10).  Neither complaint was investigated as required; no findings or reports were issued on either complaints.  (d/e 3, p. 2; d/e 27, pp. 13-14).

On or around January, 2004, the plaintiff received a general discharge under honorable conditions, for the stated reason of fraudulent enlistment, but that reason was just a pretext for discrimination and in retaliation against him for his discrimination complaints.  (d/e 28, p. 65).

In May, 2005, Plaintiff filed a form "Pro Se Complaint Against Employment Discrimination under Title VII . . ."  (d/e 3).  He seeks back pay, reinstatement, and money damages.

ANALYSIS

I.   Title VII

It is well settled that Title VII does not apply to uniformed members of

the military.  Bartley v. U.S. Dep't of Army, 221 F.Supp.2d 934, 942, 944

(C.D. Ill. 2002)(military discrimination complaint system denies access for

Title VII claims arising from military employment, which complies with case

law holding that Title VII does not apply to military);  Randall v. United

States, 95 F.3d 339, 343 (4th Cir. 1996)("Although the Supreme Court has

never considered the question, every federal appellate court . . . has

concluded that uniformed members of the military are not 'employees . . in

military departments,' and so do not fall within the scope of 42 U.S.C. §

2000e-16.");  Spain v. Ball, 928 F.2d 61, 62-63 (2d Cir. 1991)(Title VII and

ADEA do not apply to uniformed members of the military); Taylor v. Jones,

653 F.2d 1193, 1200 (8th Cir. 1981)(Title VII does not apply to Arkansas

National Guard Member).  This conclusion is based on Congress' authority

over military affairs, as expressly granted by the Constitution, and in

recognition of the "special relationships that define military life . . . [which]

'support[] the military's establishment's power to deal with its own

personnel.'" <u>Chappell v. Wallace</u>, 462 U.S. 296, 301-304 (1983)(*quoted cite omitted*).

*Civilian* employees of the military may bring a Title VII action, but no reasonable inference arises that Plaintiff was employed as a civilian. *Cf.* <u>Bartley</u>, 221 F.Supp.2d at 956 (not dismissing discrimination action because parties had failed to identify whether employment was civilian or military). Plaintiff's own allegations and documents show that he was a member of the Illinois National Air Guard, 182nd Air Lift Wing, working in the traffic management office as a traffic management specialist, with the rank of SRA. (d/e 27 pp. 2, 7). He does not dispute Defendants' characterization of him as a "Traditional M-day Guardsman" pursuant to 32 U.S.C. § 302 and 10 U.S.C. § 672(f). (d/e 20 p. 1 and affidavit attached). Lastly, he pursued his grievance through the Military Discrimination Complaint System rather than the Civilian Discrimination System. No right to sue under Title VII flows from the Military Discrimination Complaint System. <u>Bartley</u>, 221 F.Supp.2d at 940-942 (C.D. Ill. 2002)(technician's choice to file under NGR 600-22 precluded Title VII claims, though technician had dual military and civilian status). Accordingly, Plaintiff has no claim under Title VII.

II.     Violation of State and Federal Constitutional Rights

Plaintiff styled his complaint as a Title VII action, but he asserts additional causes in his response:  "Plaintiff contends that he was denied his constitutional rights, civil rights, Human rights as provided by the United States constitution and Illinois State constitution..."  (d/e 27, pp. 10-11).  He cites 42 U.S.C. §§ 1983 and 1981, the Illinois Human Rights Act, 775 ILCS 5/1-101, and the Illinois Military Code, 20 ILCS 1805/7 (barring racial segregation and discrimination).

The plaintiff cannot pursue a Section 1981 or 1983 discrimination claim in the federal court arising out of his military employment, for the same reasons he cannot pursue a Title VII action–Congress has not expressly allowed for that remedy.  This is true whether the plaintiff seeks money damages or injunctive relief such as reinstatement.  *See* U.S. v. Stanley, 483 U.S. 669, 683 (1987)(no Bivens action for former serviceman for money damages arising from secret administration of LSD)("congressionally uninvited intrusion into military affairs by the judiciary is inappropriate"); Chappell, 462 U.S. at 302, 103 S.Ct. 2362 ("Congress has exercised its plenary constitutional authority over the military . . . and has established a comprehensive internal system of justice

to regulate military life")(no *Bivens* action for money damages by enlisted military member against federal superior officers for racial discrimination in assignment of duties, performance evaluations, discipline); Knutson v. Wisconsin Air Nat'l Guard, 995 F.2d 765, 770 (7th Cir. 1993)("National Guard officers are not liable for damages or injunctive relief in section 1983 actions.")(commander in civil engineering squadron of Wisconsin Air National Guard, claim was termination without due process), *cert. denied*, 510 U.S. 933 (1993); Speigner v. Alexander, 248 F.3d 1292 (11th Cir. 2001)(section 1981 and 1983 claim by former Alabama National Guard officer for racial discrimination in non-retention decision nonjusticiable, for both monetary damages and injunctive relief (reinstatement)); Lovell v. Heng, 890 F.2d 63 (8th Cir. 1989)(claims under 42 U.S.C. §§ 1983 and 1985 by former Nebraska Army National Guard member were nonjusticiable, for both damages and reinstatement); Bartley, 221 F.Supp.2d at 953 ("The military, including officers of the National Guard, is not liable for money damages under *Bivens* and Section 1983").

In Knutson, the Seventh Circuit held that claims by a Wisconsin Air National Guard commander for damages and reinstatement under Section 1983 were not justiciable:

These sorts of reinstatement claims, often pending for several years in civilian courts, may well leave [the Wisconsin Air National Guard] in limbo awaiting the outcome of litigation and thus significantly hamper is ability to staff properly and to fulfill its mission.  If civilian courts are regularly open to claims challenging personnel decisions of the military services, judicial review may also undermine military discipline and decisionmaking or impair training programs and operational readiness.  For these reasons, civilian courts have traditionally deferred to the superior experience of the military in matter of duty order, promotions, demotions, and retentions. [The plaintiff's] request for reinstatement would require us to intrude on a province committed to the military's discretion, which we decline to do.

995 F.2d at 772.[3]  Thus, Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 (or *Bivens,* to the extent he makes one) are not justiciable.

III.  Violation of Own Regulations

As already discussed, the Court must look beyond the statutes cited by Plaintiff and ask "whether relief is possible under any set of facts that could be established consistent with the allegations...'"  McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005).

---

[3]Spence v. Holesinger, 693 F.Supp. 703 (C.D. Ill. 1988) allowed a claim for reinstatement (reenlistment), but that case predated the Seventh Circuit's decision in Knutson.  *See also* St. Clair v. Sec'y of Navy, 970 F.Supp. at 648(C.D. Ill. 1997)("Knutson dealt with the scope of injunctive relief available in civilian courts and was not a per se rule exempting military decisions from judicial review. . . . the plaintiff in Knutson sought reinstatement, while St. Clair seeks to upgrade his administrative discharge. While reinstating a discharged serviceman may interfere in a province committed to the military's discretion, the Court finds that upgrading a serviceman's discharge is a "matter of administrative inconvenience" and is not sufficient to preclude review.").

The courts' hands-off approach to military personnel decisions is not categorical.   "Military personnel are not barred from 'all redress in civilian courts for constitutional wrongs suffered in the course of military service.'" Ogden v. U.S., 758 F.2d 1168, 1175 (7th Cir. 1985), *quoting* Chappell, 462 U.S. at 304.  For example, claims that the military violated its own regulations, and claims for administrative review of discharge decisions, have been found justiciable.   *See* Chappell, 462 U.S. at 302 (Board of Corrections' decisions are subject to judicial review and can be set aside if arbitrary, capricious, or not based on substantial evidence); Kawitt v. U.S., 842 F.2d 951 (7th Cir. 1988)(ADEA did not cover discharge claims by former inactive naval reserve member, but merits of discharge claim addressed); Jones, 166 F.3d at 52 ("Among the exceptions we have recognized is where the military has failed to follow its own mandatory regulations in a manner substantially prejudicing a service member)(2d Cir. 1999); Knutson, 995 F.2d at 770 n.4; St. Clair v. Secretary of the Navy, 970 F.Supp. 645 (C.D. Ill. 1997)(judicial review under APA of Naval Discharge Review Board's decision denying application for recharacterization of discharge).[4]

---

[4]Constitutional attacks on the facial (or sometimes, as-applied) validity of statutes and regulations regarding the military are also justiciable.  Knutson, 995 F.2d at 770-71; *see also* Doe #1 v. Rumsfeld, 297 F.Supp.2d 119, 126-27 (D.C. 2003)(claim for

Plaintiff does assert in his response that "the defendants violated its own regulations," and that Defendants failed to investigate and issue findings on his military discrimination complaints.  Yet the regulations and laws he cites either do not appear relevant or simply prohibit discrimination in general.[5]  Regulations generally prohibiting discrimination do not transform Plaintiff's discrimination claims into justiciable matters.[6]  Further, the Court does not believe even a liberal reading of the Complaint allows an inference that Plaintiff seeks judicial review under the Administrative Procedure Act.  The Court believes it is clear that Plaintiff seeks redress for discrimination against him in his employment:  a nonjusticiable claim for the reasons already discussed.

injunctive relief regarding mandatory anthrax vaccinations justiciable).  Claims not "incident to service" have also been heard by courts.  *See* Hedin v. Thompson, 373 F.3d 83, 90-91 (2d Cir. 2004)(discussing examples).  None of these exceptions are relevant here.  Plaintiff does not challenge the application of a statute or rule to him, he challenges specific personnel decisions motivated by racial and gender discrimination.

[5]For example, 10 U.S.C 1093(a)(restriction on use of funds for performance of abortions); 5 U.S.C. 2105(c)(10(A)(defining government employee); 10 U.S.C. 1552(a)(addressing Secretary's discretion to correct military records), 42 U.S.C. 2000d (Title VI)(which does not apply to uniformed military); 20 ILCS1805/68 (military code which prohibits discrimination).

[6]Similarly, Defendants' statements in their advertisements that the Guard is an equal opportunity employer cannot form the basis for justiciable discrimination claim or a breach of contract claim.

IV.  Illinois Human Rights Act

The Illinois Human Rights Commission has exclusive jurisdiction over civil rights violations covered by the Act.  775 ILCS 5/8-111(C).  Other courts accordingly lack jurisdiction to hear claims under the Act, except as judicial review of the Illinois Human Rights Commission's ruling.  Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 281-82 (7th Cir. 2002)(Illinois Human Rights Act enforceable only in administrative proceedings and not by original suit in court); Bartley, 221 F.Supp.2d at 956 (dismissing claim under Illinois Human Rights Act for failure to exhaust).  The plaintiff's civil rights claims based on state law must therefore also be dismissed for lack of jurisdiction.  Bartlett, 221 F.Supp. at 956.

In sum, Plaintiff's federal discrimination claims arising from his employment in the Illinois National Guard are nonjusticiable, and the Court does not have subject matter jurisdiction over his state discrimination claims.  The Court therefore recommends dismissal on those grounds.  As this recommendation disposes of the case, the Court does not address Defendants' other arguments for dismissal.

WHEREFORE, the Court RECOMMENDS the Defendants' motion to dismiss be granted and that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  The Court further RECOMMENDS that the Defendants' motion to strike (d/e 30) be denied, Plaintiff's motion for default judgment (d/e 33) be denied as moot, and this case be terminated, parties to bear their own costs.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    February 6, 2006

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE