E-FILED
Thursday, 09 March, 2006  03:51:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT IDAHOSA,                          )
                                         )
       Plaintiff,                        )
                                         )
v.                                       )     Case No. 05-1160
                                         )
GOVERNOR BLAGOJEVICH, et al.,            )
                                         )
       Defendants.                       )

**O R D E R**

On February 7, 2006, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. Plaintiff's objections were due on or before February 21, 2006, and on that day, Plaintiff sought and was granted an extension allowing his objections to be filed by the close of business on February 24, 2006. No objections were received by this deadline. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought suit under Title VII alleging that he was the victim of race and gender discrimination during the course of his employment with the Illinois Air National Guard and seeking back pay, reinstatement, and money damages. Defendants Balgojevich, the Illinois Air National Guard, the State of Illinois, the 182nd Air Lift Wing, Sherri Haley, Sandy Cain, and James Shuda have now moved to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to

state a claim upon which relief could be granted, and the Magistrate Judge has issued a Report & Recommendation.

The Court concurs with the recommendation that Plaintiff's Title VII claims are nonjusticiable based on the well-settled law establishing that Title VII does not apply to uniformed members of the military, such as Plaintiff. *See* Bartley v. U.S. Department of Army, 221 F.Supp.2d 934, 942-44 (C.D.Ill. 2002); Randall v. United States, 95 F.3d 339, 3343 (4th Cir. 1996); Spain v. Ball, 928 F.2d 61, 62-63 (2nd Cir. 1991); Taylor v. Jones, 653 F.2d 1193, 1200 (8th Cir. 1981). As no right to bring suit in federal court under Title VII flows from the Military Discrimination Complaint System, the Court finds as a matter of law that Plaintiff cannot maintain a claim under Title VII. The same result follows for the allegations in his Complaint that could be construed as civil rights violations under 42 U.S.C. §§ 1981 or 1983 or Bivens, as Congress has exercised its plenary authority over the military by establishing a comprehensive, internal justice system to regulate military affairs and has not provided for a civil remedy in federal court. Knutson v. Wisconsin Air National Guard, 995 F.2d 765, 770 (7th Cir. 1993); United States v. Stanley, 483 U.S. 669, 683 (1987); Chappell v. Wallace, 462 U.S. 296, 302 (1983). Finally, any claims brought pursuant to the Illinois Human Rights Act are within the exclusive jurisdiction of the Illinois Human Rights Commission and are not properly brought in this forum. As Plaintiff's Complaint presents no claims over which this Court could properly exercise jurisdiction, the Court agrees that relief is not possible in this forum under any set of facts that could be established consisted with the allegations in the Complaint.

In the interests of a complete record, the Court notes that Plaintiff did submit an untimely objection to the Report & Recommendation, which was received by the Court on

February 27, 2006, and Motion for Leave to File an Amended Complaint.  In his pleadings, Plaintiff argues summarily that he is entitled to review of Defendants' failure to investigate his complaints and the IDHR's failure to investigate his charges.  However, he ignores the fact that his Complaint is set forth solely as a challenge seeking redress for discrimination in employment and does not promote the reasonable inference that he is seeking review under the Administrative Procedure Act ("APA") or redress for violation of Defendants' own internal procedures under even the most liberal reading, as noted by the Magistrate Judge. He makes no reference to internal regulations purportedly violated by Defendants that are either relevant or which do anything more than generally prohibit discrimination.  Even in seeking leave to amend his complaint, Plaintiff only indicates a desire to "adequately style" his Complaint.  He makes no reference to any good faith belief that he could allege facts that would support a claim under the APA or identify relevant and actionable internal regulations that were purportedly violated by Defendants.  Simply re-titling his cause of action cannot magically transform the substance and essence of his claims, which clearly indicate nothing more than a claim of discrimination in employment.

Accordingly, the Court now adopts the Report & Recommendation [#37] of the Magistrate Judge in its entirety.  This case is now DISMISSED for failure to state a claim upon which relief could be granted, parties to bear their own costs.  Defendants' Motion to Strike [#30] is DENIED, and Plaintiff's Motion for Default Judgment [#33] is also DENIED. Given the Court's conclusion that the claims actually asserted by Plaintiff are nonjusticiable, combined with the fact that he has not articulated any factual basis or cited any pertinent and actionable internal regulations that would suggest that he could bring his claim as a challenge under the Administrative Procedure Act, no valid purpose could be served by

allowing the Plaintiff to simply re-title his claim in an amended complaint.  His Motion for Leave to File Amended Complaint [#42] is therefore DENIED.

ENTERED this 9th day of March, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
